IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATHEW J. GARSTKA, On Behalf of Himself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 4:15-cv-00743 |
| NABORS DRILLING USA, LP | § § | JURY TRIAL DEMANDED |
| Defendant. | § | COLLECTIVE AND CLASS ACTION |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, MATHEW J. GARSTKA ("Plaintiff"), on behalf of himself and all other similarly situated employees, files this Complaint against NABORS DRILLING USA, LP ("Nabors" or "Defendant"), showing in support as follows:

## I.     NATURE OF THE CASE

1.     This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") in addition to the Pennsylvania Minimum Wage Act of 1968, 43 Pa. Cons. Stat. Ann. § 333.101, *et seq.* ("PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 Pa. Cons. Stat. Ann. §§ 260.1, *et seq.* ("PWPCL") (collectively "Pennsylvania State Law") for Defendant's failure to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 during each seven day workweek. Namely, Plaintiff was not paid all overtime wages owed because Defendant failed to include all remuneration required by the FLSA and PMWA in calculating his regular rate of pay. Defendant's failure to timely pay all overtime wages owed under the PMWA resulted in violations of the PWPCL.

2.      With regards to the FLSA claims, Plaintiff files this lawsuit on behalf of himself and as a FLSA collective action on behalf of all other similarly situated individuals who worked for Defendant as oilfield workers, were paid an hourly rate of pay, and like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward.

3.      Plaintiff and the FLSA Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs and post-judgment interest.

4.      With regards to the Pennsylvania State Law claims, Plaintiff files this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and all Pennsylvania State Law Class Members who, like Plaintiff, worked for Defendant as oilfield workers, were paid an hourly rate of pay, and like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek as required by the PMWA within the timelines set forth by the PWPCL. The relevant time period for the Pennsylvania State Law claims is three years preceding the date this lawsuit was filed and forward.

5.      Plaintiff and the Pennsylvania State Law Class Members seek all damages available under the PMWA and PWPCL, including back wages, liquidated damages, legal fees, costs and post-judgment interest.

## II.      THE PARTIES, JURISDICTION AND VENUE

### A.      Plaintiff Mathew J. Garstka

6.      Plaintiff is a natural person who resides in Clearfield, Pennsylvania. He has standing to file this lawsuit.

7.      Plaintiff was employed by Defendant as an hourly paid oilfield worker at/from/through Defendant's single site of employment/rig yard in or near 143 Cresswood Drive, Clearfield, Pennsylvania, 16830. Plaintiff worked on land based drilling rigs in and around the Marcellus Shale for Defendant.

8.      Plaintiff is a former employee of Defendant with dates of employment from approximately October 24, 2010 to approximately January 1, 2015.

### B.      FLSA Collective Action Members

9.      The putative FLSA Collective Action Members are all current and/or former hourly paid oilfield worker employees of Defendant who, like Plaintiff, are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek due to Defendant's failure to calculate the regular rates of pay in accordance with the FLSA.

10.      While their precise job duties might vary somewhat as oilfield worker employees (*i.e.* driller, derrick hand, motor man, floor hand, etc.), those differences do not matter for purposes of determining their entitlement to overtime pay. Because Defendant did not pay all overtime premium compensation to its hourly oilfield worker employees who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

11.     The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

### C.     **Pennsylvania State Law Class Members**

12.     The putative Pennsylvania State Law Class Members are all current and former hourly paid oilfield worker employees of Defendant who, like Plaintiff, worked for Defendant in the state of Pennsylvania and were not paid all overtime wages owed pursuant to the PMWA as a result of Defendant's failure to calculate their respective regular rates of pay in accordance with PMWA, and regulations related to the PMWA. Furthermore, as a result of that violation of the PMWA, the Pennsylvania State Law Class Members were not timely paid all wages owed by Defendant within the deadlines set forth in the PWPCL.

13.     While their precise job duties might vary somewhat as oilfield worker employees (*i.e.* driller, derrick hand, motor man, floor hand, etc.), those differences do not matter for purposes of determining their entitlement to overtime pay under the PMWA.

14.     The relevant time period for the claims of the Pennsylvania State Law Class Members is three years preceding the date this lawsuit was filed and forward.

### D.     **Defendant Nabors Drilling Company USA, LP**

15.     Defendant is a limited partnership organized under the laws of the State of Delaware.

16.     During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

17.     Defendant's principal place of business and headquarters for drilling operations in the United States is located at 515 West Greens Road, Suite 1000, Houston, Texas 77067.

18.     Defendant maintains multiple district offices/yards throughout the United States from which drilling rig workers, support personnel, supplies and equipment are based and dispatched on a variety of work projects, including oil and/or gas exploration and production projects.

19.     At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

20.     At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

21.     At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

22.     For example, Defendant employed two or more employees who regularly engaged in commerce in their daily work. Examples of that commerce include drilling rig work offered/provided by Defendant to customers in Texas and states other than Texas and communications by phone, mail, and internet with customers/prospective customers in Texas and states other than Texas.

23.     Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, vehicles, equipment and supplies/materials used in connection with drilling rig operations.

24.     On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

25.     Defendant may be served with summons through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

**E.     Jurisdiction and Venue**

26.     The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

27.     During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

28.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims, in part, on federal law, namely the FLSA.

29.     Venue is proper in the United States District Court for the Southern District of Texas because a substantial part of the events giving rise to the claims in this lawsuit occurred in this judicial district. As previously identified, Defendant maintains its principal place of business and headquarters for drilling operations in the United States within this District.

30.     Venue is proper in the Houston Division of the United States District Court for the Southern District of Texas because, as previously identified, Defendant maintains its principal place of business and headquarters for drilling operations in the United States within the Houston Division and a substantial part of the events giving rise to the claims in this lawsuit occurred in the Houston Division.

### III.     FACTUAL BACKGROUND

31.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

32.     Defendant employs/employed numerous oilfield workers in connection with its drilling operations throughout locations in the United States in addition to offshore locations that

are within the scope and coverage of the FLSA. Those oilfield workers work/worked on and/or in support of Defendant's drilling rigs which drill/drilled for oil and or natural gas. During times relevant, Defendant had up to approximately 500 land based drilling rigs and approximately 44 offshore related drilling rigs, which includes offshore jack-up drilling rigs and platforms.

33.     Defendant's drilling rigs operate/operated from numerous yards/sites of employment around the United States. Oilfield workers worked at/from/through those yards/sites of employment in connection with Defendant's drilling rig operations. For example, Plaintiff worked at/from/through Defendant's office/yard located at or near 143 Cresswood Drive, Clearfield, Pennsylvania.

34.     Plaintiff was an hourly paid employee who worked on Defendant's land based drilling rigs in and around the Marcellus Shale. Plaintiff routinely worked in excess of 40 hours in a seven day workweek.

35.     Plaintiff was a non-exempt employee of Defendant pursuant to the FLSA and the PMWA. When he worked more than 40 hours per seven day workweek, he was entitled to receive overtime premium compensation at the rate of one and one-half times his regular rate of pay for all such hours worked over 40.

36.     In addition to receiving hourly pay, Plaintiff also received additional remuneration, including performance based bonus compensation such as retention incentive bonuses and safety bonuses.

37.     Although Defendant paid Plaintiff overtime premium compensation for on-the-clock work at one and one-half times his hourly rate of pay, Defendant failed to include all remuneration required by the FLSA and PMWA in calculating Plaintiff's regular rate of pay. This resulted in Plaintiff not being paid all overtime compensation owed by Defendant pursuant

to the FLSA and PMWA. Defendant's failure to pay all overtime wages owed pursuant to the PMWA in the timelines required by the PWPCL resulted in Defendant also violating the PWPCL.

38.     Plaintiff worked with numerous other hourly oilfield worker employees of Defendant at/from/through the Clearfield, Pennsylvania yard/site of employment. Like Plaintiff, those employees, before, during and after Plaintiff's dates of employment, routinely work/worked in excess of 40 hours per workweek, are/were entitled to overtime premium compensation at one and one-half times their respective regular rates of pay for all overtime hours worked, are/were paid additional remuneration, including performance based bonuses such as retention incentive bonuses and safety bonuses, in addition to their hourly rate, and did not/do not receive all overtime compensation owed by Defendant due to Defendant not including all remuneration required by the FLSA and the PMWA in their respective regular rates of pay. For the same reasons as Plaintiff, this also resulted in violations of the PWPCL.

39.     During times relevant, Defendant operates/operated numerous other yards/sites of employment throughout the United States at/from/through which it conducted land based and offshore drilling rig operations. On information and belief, Defendant employed, and continues to employee, hourly oilfield workers at/from/through those yards/sites who are similarly situated to Plaintiff and who, despite being entitled to overtime premium compensation at one and one-half times their regular rates of pay for all hours worked over 40 in a workweek as FLSA non-exempt employees, were not paid all overtime compensation owed due to Defendant's failure to include all remuneration required by the FLSA in their respective regular rates of pay. Such remuneration includes performance based bonuses such as retention incentive bonuses and safety bonuses.

40.    Although Defendant has recently terminated many employees, on information and belief, it continues to employ hourly oilfield workers that are subject to the aforementioned practices/policies to not include all remuneration required by the FLSA and PMWA in their respective regular rate of pay when calculating the overtime wages owed.

## IV.    CONTROLLING LEGAL RULES

### A.    FLSA

41.    The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

42.    "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

43.    Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

44.    The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

45.   Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

**B.   Pennsylvania State Law**

46.   Employers employing employees in the state of Pennsylvania are generally required to pay those employees time and one-half their respective regular rates of pay for all hours worked over 40 in a seven day workweek. 43 Pa. Cons. Stat. Ann. § 333.104(c).

47.   Under Pennsylvania law, the regular rate at which an employee is employed  shall be deemed to include all remuneration for employment paid to or on behalf of the employee. 34 Pa. Code §231.43.

48.   "Every employer shall pay all wages, other than fringe benefits and wage supplements, due to his employees on regular paydays designated in advance by the employer. Overtime wages may be considered as wages earned and payable in the next succeeding pay period. All wages, other than fringe benefits and wage supplements, earned in any pay period shall be due and payable within the number of days after the expiration of said pay period as provided in a written contract of employment or, if not so specified, within the standard time lapse customary in the trade or within 15 days from the end of such pay period." 43 Pa. Cons. Stat. Ann. § 260.3.

49.   "Where wages [pursuant to 43 Pa. Cons. Stat. Ann. § 260.3] remain unpaid for thirty days beyond the regularly scheduled payday, or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employee of a proper claim or for

sixty days beyond the date of the agreement, award or other act making wages payable, or where shortages in the wage payments made exceed five percent (5%) of the gross wages payable on any two regularly scheduled paydays in the same calendar quarter, and no good faith contest or dispute of any wage claim including the good faith assertion of a right of set-off or counter-claim exists accounting for such non-payment, the employee shall be entitled to claim, in addition, as liquidated damages an amount equal to twenty-five percent (25%) of the total amount of wages due, or five hundred dollars ($500), whichever is greater." 43 Pa. Cons. Stat. Ann. § 260.10.

## V.     CLAIMS

50.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

51.     All conditions precedent to this suit, if any, have been fulfilled.

### A.     FLSA Claims

52.     At relevant times, Defendant is/was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

53.     At relevant times, Defendant is/has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

54.     Plaintiff and putative Collective Action Members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

55.     Plaintiff and the putative Collective Action Members are/were paid an hourly rate of pay by Defendant in addition to other remuneration, including performance based bonuses such as retention incentive bonuses and safety bonuses.

56.     At material times, Plaintiff and the putative Collective Action Members regularly work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

57.     Defendant is/was required to pay Plaintiff and the putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven day workweek. 29 U.S.C. § 207(a)(1).

58.     Defendant failed to pay Plaintiff and putative Collective Action Members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

59.     The putative Collective Action Members are/were similarly situated to the Plaintiff and to each other under the FLSA. 29 U.S.C. § 203(e).

60.     Defendant's violations of the FLSA are/were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and the putative Collective Action Members were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven day workweek. Plaintiff and the putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their FLSA claims.

61.     Plaintiff and the putative Collective Action Members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

**B.**     **Pennsylvania State Law Claims**

62.     At relevant times, Defendant is/was an eligible and covered employer of Plaintiff and the putative Pennsylvania State Law Class Members under Pennsylvania State Law.

63.     Plaintiff and the putative Pennsylvania State Law Class Members are/were paid an hourly rate of pay by Defendant in addition to other remuneration, including performance based bonuses such as retention incentive bonuses and safety bonuses.

64.     At material times, Plaintiff and the putative Pennsylvania State Law Class Members regularly work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

65.     Defendant is/was required to pay Plaintiff and the putative Pennsylvania State Law Class Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven day workweek.

66.     Defendant failed to pay Plaintiff and putative Pennsylvania State Law Class Members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

67.     By failing to timely pay the overtime wages owed to Plaintiff and the Pennsylvania State Law Class Members pursuant to the PMWA within the deadlines required by the PWPCL, Defendant also violated the PWPCL as to Plaintiff and the putative Pennsylvania State Law Class Members.

68.     Defendant's violations of the PMWA and PWPCL are/were willful. At all material times, Defendant was aware that Plaintiff and the putative Collective Action Members were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven day workweek as required by the PMWA, and were not timely paid all wages owed as required by the PWPCL. Plaintiff and the putative Pennsylvania State Law Class Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their PMWA and PWPCL claims.

69.     Plaintiff and the putative Pennsylvania State Law Class Members seek all damages available for Defendant's violations of the PMWA and PWPCL.

*Plaintiff's Original Complaint*                                                                                       13

## VI.   COLLECTIVE AND CLASS ACTIONS

70.   Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

### A.   FLSA Collective Action

71.   Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (same).

72.   Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of himself and all current and former hourly paid oilfield workers who are/were employed by Defendant and who are/were not paid all overtime compensation owed for all hours worked over 40 in each and every workweek due to Defendant's failure to include all remuneration required by the FLSA in their respective regular rates of pay. The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

73.   Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

74.   Plaintiff further reserves the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

B.     **Pennsylvania State Law Class Action**

75.     Plaintiff brings his PMWA and PWPCL claims as a class action under Federal Rule of Civil Procedure 23(a), (b)(1) and (3).

76.     Plaintiff seeks to represent a Class initially defined as: "All of Defendant's hourly paid oilfield worker employees who work/worked for Defendant in Pennsylvania and who are/were not paid all overtime wages required by the PMWA within the deadlines set forth in the PWPCL." Plaintiff requests the opportunity to expand, narrow or modify the class definition pursuant to a motion for class certification and/or amended pleading to the extent discovery reveals that the class definition should be modified.

77.     Plaintiff's claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

78.     On information and belief, the Pennsylvania State Law Class Members exceed 300 in number, and joinder is therefore impracticable. The precise number of Pennsylvania State Law Class Members and their addresses are readily determinable from Defendant's records.

79.     There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from Defendant's actions/omissions include, but are not limited to, the following:

> a.   Whether Defendant paid all wages owed to the Pennsylvania State Law Class Members as required by the PMWA;
>
> b. Whether Defendant's pay practices as to the Pennsylvania State Law Class Members violated the PWPCL; and
>
> c.  The appropriate method to calculate damages under the PMWA and PWPCL for the Pennsylvania State Law Class Members.

80.     The questions above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the PMWA and PWPCL claims.

81.     A class action is the superior method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

82.     Plaintiff is an affected former employee of Defendant who was not paid all overtime wages as required by the PMWA within the deadlines set forth in the PWPCL. Plaintiff is, therefore, a member of the class. Plaintiff is committed to pursuing this action and has retained counsel with extensive experience in prosecuting complex wage, employment, and class action litigation. Accordingly, Plaintiff is an adequate representative of the class and has the same interests as all of its members. Further, Plaintiff's claims are typical of the claims of all Pennsylvania State Law Class Members, and Plaintiff will fairly and adequately protect the interests of the absent members of that class. Plaintiff and his counsel do not have claims or interests that are adverse to the Pennsylvania State Law Class Members.

**VII.   JURY DEMAND**

83.     Plaintiff demands a jury trial.

## VIII.     DAMAGES AND PRAYER

84.     Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

    a.     An order conditionally certifying the FLSA Claims as a FLSA collective action and requiring notice to be issued to all putative collective action members;

    b.     An order certifying the Pennsylvania State Law Claims as a Rule 23 class action, and naming Allen R. Vaught as class counsel.

    c.     All damages allowed by the FLSA, PMWA and PWCPL, including back overtime wages;

    d.     Liquidated damages in an amount equal to back FLSA mandated wages;

    e.     Liquidated damages pursuant to the PWCPL;

    f.     Legal fees;

    g.     Costs;

    h.     Post-judgment interest;

    i.     All other relief to which Plaintiff and the FLSA Collective Action Members and Pennsylvania State Law Class Members are entitled.

Respectfully submitted,

By:     s/ Allen R. Vaught
       Allen R. Vaught
       Attorney-In-Charge
       SD TX Bar No. 22757
       TX Bar No. 24004966
       Baron & Budd, P.C.
       3102 Oak Lawn Avenue, Suite 1100
       Dallas, Texas  75219
       (214) 521-3605 – Telephone
       (214) 520-1181 – Facsimile
       avaught@baronbudd.com

ATTORNEYS FOR PLAINTIFF